**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1522-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LARRY D. WILSON, JR.,
a/k/a LARRY ROBINSON,
LARRY DARNELL WILSON,

     Defendant-Appellant.

_____

Submitted February 11, 2019 – Decided  February 22, 2019

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 12-09-2527.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Kevin J. Hein, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Larry Wilson appeals from the April 7, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On November 8, 2011, the Camden police responded to a report of shots fired. When the police arrived at the scene, they observed defendant and two other men involved in a physical altercation. The men shouted that defendant had a gun and had shot the victim, who was laying on the ground. The victim was taken to the hospital, where he was pronounced dead as the result of multiple gunshot wounds.

Defendant told the police that he and his step-brother got into an altercation with the victim and the victim's brother. He stated that the victim's brother "swung" at him, causing defendant's step-brother to run away. Defendant did not retreat but, instead, swung back. Defendant then drew a handgun from his sweatshirt and fired two shots at the victim, killing him. After the shooting, the victim's brother and the other man grabbed defendant. Only defendant was armed.

A Camden County grand jury subsequently charged defendant in a five-count indictment with first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count one); second-degree possession of a weapon for an unlawful purpose,

N.J.S.A. 2C:39-4 (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d) (count four); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7 (count five).

After several conferences, defendant pled guilty to an amended charge under count one of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1). In return for defendant's plea, the State agreed to dismiss the other counts of the indictment, and recommend that defendant be sentenced to a maximum twenty-two-year prison term, subject to the 85% parole ineligibility period required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The judge later sentenced defendant in accordance with the terms of his negotiated plea to a twenty-two year term, subject to NERA.

Defendant appealed his sentence. We heard the appeal on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11, and affirmed defendant's sentence. State v. Wilson, No. A-5495-14 (App. Div. Jan. 12, 2016), certif. denied, 225 N.J. 340 (2016).

Defendant then filed a timely petition for PCR. In an amended petition, defendant asserted that his attorney provided him with ineffective assistance because he (1) "fail[ed] to put forward an intoxication defense"; (2) never

presented a "defense theory of 'self-defense'"; and (3) allowed defendant to be sentenced for aggravated manslaughter even though he never admitted to "recklessly caus[ing the victim's] death under circumstances manifesting extreme indifference to human life" under N.J.S.A. 2C:11-4(a)(1).

In a thorough written opinion, Judge Steven Polansky considered each of these contentions and denied defendant's petition. The judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

Judge Polansky determined that defendant's first contention lacked merit because he did not demonstrate any basis to support an intoxication defense. As the judge noted, voluntary intoxication is only a defense if it negates an element of the offense charged. N.J.S.A. 2C:2-8(a). "In order to negate an element of the offense, the intoxication must be of an extremely high level." State v. Bauman, 298 N.J. Super. 176, 194 (App. Div. 1997) (internal quotation marks omitted); see also State v. Cameron, 104 N.J. 42, 54 (1986) (recognizing that "firmly fixed in our case law is the requirement of 'prostration of faculties' as the minimum requirement for an intoxication defense"). Thus, a voluntary

intoxication defense can only succeed "if there exists a 'rational basis for the conclusion that defendant's "faculties" were so "prostrated" that he or she was incapable of forming' the requisite intent." Bauman, 298 N.J. Super. at 194 (quoting State v. Mauricio, 117 N.J. 402, 418-19 (1990)). "Among the factors pertinent to this issue are included the quantity of intoxicant consumed, the period of time involved, the defendant's ability to recall significant events and his conduct as perceived by others." State v. Johnson, 309 N.J. Super. 237, 266 (App. Div. 1998).

Here, Judge Polansky found there was insufficient evidence to support an intoxication defense. In his amended petition, defendant only stated that he "was drinking and smoking marijuana the day prior to the incident. This was in combination with me taking Prozac, which I was prescribed due to having asthma." (emphasis added). Thus, the judge found that defendant did not even claim that he used any intoxicating substances on the day of the offense. In addition, defendant "presented no evidence that the combination of marijuana, alcohol, or Prozac had any intoxicating effect on him the following day when he shot the victim." Because there was no basis for an intoxication defense under these facts, the judge concluded that defendant's attorney was not ineffective by failing to raise it.

Turning to defendant's second argument, Judge Polansky reached a similar conclusion, finding that defendant did not supply sufficient grounds to support a self-defense claim. Pursuant to N.J.S.A. 2C:3-4(a), "the use of force upon or toward another person is justifiable when the actor reasonably believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." However, the justification of self-defense is not available when a defendant uses "deadly force,"[1] unless the actor (1) "reasonably believes that such force is necessary to protect himself against death or serious bodily harm"; (2) did not provoke the use of force in the same encounter; and (3) cannot retreat or use non-deadly force. N.J.S.A. 2C:3-4(b)(2)(b).

Here, defendant used deadly force when he shot the victim twice. According to his own statement to the police, defendant could have easily retreated from the scene, just as his step-brother did. In addition, none of the other participants in the altercation were armed. Due to the lack of any basis to support a self-defense argument, Judge Polansky found that defendant's attorney

---

[1] N.J.A.C. 2C:3-11(b) defines "deadly force" as "force which the actor uses with the purpose of causing or which he knows to create a substantial risk of causing death or serious bodily harm."

A-1522-17T4

was not ineffective for declining to pursue this contention in lieu of assisting defendant in negotiating a plea agreement to a lesser charge.

Finally, Judge Polansky rejected defendant's contention that the factual basis he gave at the time of the plea hearing was insufficient to support his conviction for aggravated manslaughter under N.J.S.A. 2C:11-4(a). Under that statute, a defendant is guilty of aggravated manslaughter when he or she "recklessly causes death under circumstances manifesting extreme indifference to human life[.]" See also State v. Gaines, 377 N.J. Super. 612, 621 (App. Div. 2005) (stating that aggravated manslaughter requires a conscious disregard of the probability of causing death).

After reviewing the transcript of the plea hearing, the judge found that defendant provided an ample factual basis supporting his guilt on the aggravated manslaughter charge. Quoting at length from the transcript, the judge noted that defendant admitted that he was reckless by firing a gun at the victim and that, when he fired the shots, "it didn't matter to [defendant] what happened to the individual who he shot[.]" Therefore, Judge Polansky rejected defendant's contention on this point. This appeal followed.

On appeal, defendant raises the same three contentions he unsuccessfully pursued in the Law Division. He argues:

POINT I

THE [PCR] COURT ERRED IN DENYING . . . DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PLEA COUNSEL.

A.    LEGAL PRINCIPLES.

B.    FAILURE OF PLEA COUNSEL TO CONDUCT AN ADEQUATE INVESTIGATION.

C.    FAILURE TO RAISE THE ISSUE THAT THERE WAS INSUFFICIENT PROOF TO ESTABLISH AN ESSENTIAL ELEMENT OF THE CRIME BEYOND A REASONABLE DOUBT.

D.    FAILURE OF PCR COURT TO CONDUCT AN EVIDENTIARY HEARING.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions

that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, State v. Fritz, 105 N.J. 42, 52 (1987), the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. U.S. v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Moreover, such acts or omissions of counsel must amount to more than mere tactical strategy. Strickland, 466 U.S. at 689. As the Supreme Court observed in Strickland,

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under

9

the circumstances, the challenged action "might be considered sound trial strategy."

[Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).]

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge Polansky's comprehensive written opinion. In addition, because defendant failed to establish a prima facie case of ineffective assistance of counsel, the judge was not required to conduct an evidentiary hearing on defendant's PCR application. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1522-17T4